Feliciano JAIME–COBOS; et al., Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71956.

Agency Nos. A72–680–913, A72–680–912, A72–680–911, A72–680–910.

United States Court of Appeals, Ninth Circuit.

---

respondent. The clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

Submitted Sept. 8, 2003.**

Decided Sept. 16, 2003.

Feliciano Jaime–Cobos, pro se, Lenin Jaimes–Gudino, pro se, Tania Libertad Jaimes–Gudino, pro se, Diana Gudino–De Jaimes, pro se, San Jose, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office Of The District Counsel, San Francisco, CA, Ann Carroll Varnon, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM***

Feliciano Jaime–Cobos, the lead petitioner, and his wife and children, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") denial of their applications for suspension of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence a factual finding that an alien has failed to demonstrate continuous physical presence, *see Kalaw*, 133 F.3d at 1151, and review de novo constitutional challenges, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the IJ's finding that the petitioners are not eligible for suspension of deportation under section 309(c)(5)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), as amended by section 203(a) of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), because they failed to establish the requisite seven years of continuous physical presence in the United States prior to issuance of their Orders to Show Cause. *See Otarola v. INS*, 270 F.3d 1272, 1274 n. 3 (9th Cir.2001).

The petitioner's challenge to the retroactive application of the transitional stop-time rule to aliens detained before the

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**650**

enactment of IIRIRA is foreclosed by *Ram v. INS,* 243 F.3d at 518.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.